UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE A, *et al.*,<br><br>    **Plaintiffs,**<br><br>        v.<br><br>CAROL SPAHN, Administrator of the Peace Corps,<br><br>    **Defendant.** | Civil Action No. 23-2859 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are three members of a putative class of individuals who allege that they were unlawfully denied medical clearances to serve as volunteers for the Peace Corps because of their disabilities. See ECF No. 1 (Compl.), ¶¶ 1–3, 13–34. They have filed this proposed class action against Carol Spahn, in her official capacity as Administrator of the Peace Corps, asserting that the organization systemically discriminates against accepted applicants for volunteer service with disabilities in violation of the Rehabilitation Act, 29 U.S.C. § 794(a) *et seq*. Id., ¶¶ 1–12. Because this suit "implicate[s] highly sensitive and personal information regarding the Plaintiffs' mental health conditions," Plaintiffs have filed a Motion to Proceed Under Pseudonyms. See ECF No. 2 (Mot.) at 4. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, particularly as the class evolves. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I.    **Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

II.    **Analysis**

At this early stage, Plaintiffs have met their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.

First, as the Complaint makes clear, Plaintiffs seek to proceed under pseudonyms not "merely to avoid the annoyance and criticism that may attend litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). The Complaint describes the medical conditions from which John Doe A, John Doe B, John Doe C, and putative class members suffer, such as major depressive disorder, bipolar disorder, post-traumatic-stress disorder, and panic disorder, as well as their medications and treatment. See Compl., ¶¶ 57, 71, 97, 109. This lawsuit, accordingly, not only identifies Plaintiffs as individuals with significant — and often stigmatized — disabilities, but also reveals "paradigmatically 'sensitive' and 'highly personal'" details about their particular conditions. Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021); see Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) (plaintiff with Asperger's Syndrome alleging discrimination involves "a sensitive, highly personal matter" under this factor). This factor thus supports granting the Motion.

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiffs (and to "innocent non-parties," which is not implicated here), also favors pseudonymity. See In re Sealed Case, 971 F.3d at 326 (internal quotation marks and citation omitted). Plaintiffs allege a risk of harm should their identities be publicly disclosed and linked to their disabilities. Specifically, they point to the risk of aggravating their existing mental-health disabilities, which are risks that weigh in their favor under this factor. See Mot. at 5–6; Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."); Sessions, 2018 WL 4637014, at *4 ("Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that

psychological damage is anticipated if a party's identity is disclosed.") (citation omitted) (cleaned up); cf. Sessions, 2018 WL 4637014, at *4 (recognizing a "substantial public interest" in "preventing the stigmatization of litigants with mental illnesses") (citation omitted).

To be sure, Plaintiffs do not attach affidavits or provide other evidence supporting their claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [their] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023). At this early stage, however, the Court finds that Plaintiffs have adequately alleged that revealing their identities in connection with this litigation could subject them to mental harm, as well as deter other individuals with disabilities from pressing their claims. Cf. Sessions, 2018 WL 4637014, at *4 (discussing concern that "public disclosure would deter civil litigants with mental conditions from 'ever reaching the courthouse steps [to vindicate their rights] for fear of repercussions that would ensue if their condition was made public'") (quoting Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 550 (D.N.J. 2006)).

The third and fourth factors cut the other way. With respect to the third, as Plaintiffs acknowledge, their case does not implicate the privacy interests of any minors. See Mot. at 6. As to the fourth, anonymous litigation is typically "more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Cabrera, 307 F.R.D. at 8); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019). Plaintiffs' proposed class action, however, alleges that the Peace Corps "has a policy or practice of discriminating" against individuals like Plaintiffs — each of whom "was extended an

4

invitation to become a Peace Corps Volunteer and . . . accepted their invitation to serve, but has not been placed as a Volunteer" — "on the basis of disability, based on information provided to the Peace Corps about their actual or perceived disabilities or records of disabilities." Compl., ¶ 3 & n.1.  They contend, specifically, that the "Peace Corps routinely fails to meet its obligations under the Rehabilitation Act by denying individuals, on account of disability, participation in, and the benefits of, this federally funded program of an Executive Agency." Id., ¶ 10.  Those far-reaching legal claims trigger the "'heightened public interest'" that applies "'when an individual or entity files a suit against the government,' particularly in a manner that may 'alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward.'" Sponsor, 2023 WL 2598685, at *2 (quoting In re Sealed Case, 971 F.3d at 329).  Both factors therefore weigh in favor of disclosure.

The fifth and final factor, however, favors granting Plaintiffs' Motion.  Defendant would suffer no unfairness if the Motion were granted because Plaintiffs have already disclosed their identities under seal.  See ECF No. 2-1; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).  Defendant, of course, remains free to request any further information she deems necessary to the full and fair defense of the case, and Plaintiffs remain free to object.

In sum, although the third and fourth factors weigh in favor of disclosure, the first, second, and fifth tip the scale toward permitting Plaintiffs to proceed pseudonymously at this juncture, especially in light of the medical information in the Complaint and that will likely be revealed during this litigation.

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion to Proceed Under Pseudonyms is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file on the public docket a pseudonymous version of their [2] Motion and any attachments.

/s/ *James E. Boasberg*  
JAMES E. BOASBERG  
Chief Judge

Date:  October 2, 2023