IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN DOE A, *et al.*,<br><br>    Plaintiffs;<br><br>  v.<br><br>CAROL SPAHN, in her official capacity<br>  as Director of the Peace Corps,<br><br>    Defendant. | Civil Action No. 1:23-cv-02859 (CJN) |

## DEFENDANT'S SUGGESTION OF PARTIAL MOOTNESS

Plaintiffs' fourth claim for relief asserts unreasonable delay claims under 5 U.S.C. § 706(1) on behalf of seven of the eight plaintiffs in this case. Am. Compl. ¶¶ 336–345, ECF No. 18-1. Plaintiffs request that the Court "compel the Peace Corps to issue" Final Agency Decisions (FADs) determining the plaintiffs' administrative discrimination claims. *Id.* ¶ 344; *see also id.* ¶ 346.E. "Compel[ling] agency action unlawfully withheld or unreasonably delayed" is the only remedy available under § 706(1). At the time that Plaintiffs filed their First Amended Complaint, Defendant had not issued FADs for the seven plaintiffs. As noted in Defendant's motion-to-dismiss briefing, Peace Corps worked expeditiously to issue the FADs, and the time period to complete that work was within a reasonable time as permitted by the regulations, and at the agency's discretion. *See, e.g.*, Def.'s Reply 7–10, ECF No. 25. But the Court need not and should not address that issue now because these seven FADs have now been issued, and Plaintiffs' unreasonable delay claims are thus moot.

Mootness is jurisdictional, arising from the "case or controversy" requirement of Article III. *Honig v. Doe*, 484 U.S. 305, 317 (1988). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Claims are moot when plaintiffs have "obtained all the relief that they sought." *Monzillo v. Biller*, 735 F.2d 1456, 1459 (D.C. Cir. 1984). For that reason, unreasonable delay claims generally

become moot when the government takes the action a plaintiff seeks to compel. *See Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204–05 (D.C. Cir. 2013); *Ctr. for Biological Diversity v. Kempthorne*, 498 F. Supp. 2d 293, 296–97 (D.D.C. 2007). Here, "because the [Peace Corps] has now acted, the . . . unreasonable delay claims are moot." *See Conservation Force*, 733 F.3d at 1205.

The relevant FADs were issued on the following dates:

| | |
|---|---|
| John Doe A | November 13, 2024 |
| John Doe B | October 29, 2024 |
| John Doe C | November 13, 2024 |
| Jane Doe A | November 13, 2024 |
| Jane Doe B | October 16, 2024 |
| Jane Doe C | November 13, 2024 |
| Jane Doe D | October 29, 2024 |

Because Plaintiffs have now received all possible relief on their claims of unreasonable delay, Defendant respectfully requests that the Court dismiss Plaintiffs' unreasonable delay claims as moot. This development does not moot any of Plaintiffs' remaining claims.

Undersigned counsel met and conferred with Plaintiffs' counsel by email between December 4 and December 9 regarding this suggestion of mootness. Rather than answering the question whether they agreed that Plaintiffs' unreasonable delay claims are now moot, Plaintiffs' counsel sought a concession from Defendant on an entirely separate issue, namely Defendant's motion-to-dismiss arguments regarding Plaintiffs' failure to exhaust.[1] Plaintiffs' counsel asserted that the issuance of the FADs mooted Defendant's administrative exhaustion arguments. Not so. Defendants' motion to dismiss responds, as it must, to Plaintiffs' First Amended Complaint. The First Amended Complaint does not include allegations regarding the more recently issued FADs. And Defendant's motion-do-dismiss arguments regarding administrative exhaustion do not simply

---

[1] Defendant's administrative exhaustion arguments are contained in Section II of Defendant's opening brief, ECF No. 22 at 15–18, and Section I of Defendant's reply brief, ECF No. 25 at 2–7.

2

go away now that the FADs have been issued.[2]

On the other hand, as discussed above, the issuance of the FADs moots Plaintiffs' claims of unreasonable delay, and the Court should therefore dismiss Plaintiffs' fourth claim for relief, Am. Compl. ¶¶ 336–345, as moot.

Dated: December 18, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Branch Director

*/s/ Clayton L. Bailey*
CLAYTON L. BAILEY (D.C. Bar # 1644867)
LISA ZEIDNER MARCUS (N.Y. Bar # 4461679)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 598-1226
Fax: (202) 616-8470
Email: clayton.l.bailey@usdoj.gov

*Counsel for Defendant*

---

[2] Indeed, Defendant's motion to dismiss anticipated that the FADs would soon be issued, and it argued that Plaintiffs' individual claims of discrimination should be dismissed without prejudice, with leave to amend in light of FADs issued after the First Amended Complaint was filed. *See* Def.'s Reply 2, 25, ECF No. 25.