**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE A, *et al.*,            ) <br>                     ) <br>         Plaintiffs;     ) <br>                     ) <br>         v.               ) <br>                     ) <br> ALLISON GREENE, in her official capacity  ) <br> as Chief Executive Officer of the Peace Corps,  ) <br>                     ) <br>         Defendant.     ) <br>                     ) | Civil Action No. 1:23-cv-02859 (CJN) |

**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Allison Greene, in her official capacity as Chief Executive Officer of the

Peace Corps hereby answers Plaintiffs' Amended Complaint, ECF No. 18-1, as follows[1]:

**I.  Plaintiffs' Preliminary Statement**

1.      Paragraph 1 contains Plaintiffs' characterization of this lawsuit, to which no

response is required.  To the extent a response is deemed necessary, Defendant denies the

allegations of this paragraph, except to admit that Plaintiffs are eight applicants to Peace Corps

volunteer programs.  Seven plaintiffs applied to serve as Peace Corps volunteers and one

plaintiff applied to serve in a Peace Corps Response volunteer position with the 2017 Global

Health Services Partnership.

2.      With respect to the first sentence of paragraph 2, Defendant denies that Plaintiffs

are qualified individuals with perceived or actual mental disabilities; Defendant lacks sufficient

information or knowledge sufficient to admit or deny whether Plaintiffs' commitment to public

---

[1] Defendant does not incorporate herein certain subheadings from the Amended Complaint, to
which a response is not required.  To the extent any headings or subheadings could be construed
to contain factual allegations, those allegations are denied.

service motivated their application to the Peace Corps.  Defendant denies the allegations in the second and third sentences of paragraph 2.  The fourth sentence states a legal conclusion to which no response is required; to the extent a response is deemed necessary Defendant denies that Plaintiffs were entitled to reasonable accommodations pursuant to Peace Corps regulations, 22 C.F.R. § 305.4(d), or otherwise.

3.      Paragraph 3 states legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

4.      The allegations of the first sentence of paragraph 4 purport to quote from a statute that speaks for itself.  To the extent a response is deemed necessary, Defendant admits that 22 U.S.C. § 2501 includes the quoted language but otherwise denies Plaintiffs' characterization of the statute and refers the Court to the cited statutes for a full and complete statement of their contents.  Defendant denies the allegations in the second sentence of this paragraph.

5.      Defendant admits that John Doe A, Jane Doe A and Jane Doe C were invited to serve in the Peace Corps as part of the Peace Corps' application process, and that Plaintiffs were denied the opportunity to advance to the next phase to be selected as a trainee and volunteer because they did not receive a medical clearance.  Defendant otherwise denies the allegations of paragraph 5, including Plaintiffs' characterization of Peace Corps' reasons for these denials.

6.      Paragraph 6 states legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

7.      Paragraph 7 states legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

8.      Paragraph 8 states legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

9.    Defendant admits that during the medical clearance process, Peace Corps employees consulted the mental health information in the Peace Corps' screening guidelines but otherwise denies the allegations of this paragraph.

10.    Paragraph 10 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

11.    Paragraph 11 states legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

12.    Paragraph 12 consists of a description of the relief sought by Plaintiffs, to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiffs are entitled to the relief sought or to any relief.

## II.  Parties

13.    Defendant lacks sufficient information or knowledge to form a belief about the truth of the statements in the first and second sentences of paragraph 13 and the statement in the third sentence that all of the Plaintiffs had lived or traveled abroad previously.  Defendant denies the remaining allegations in paragraph 13, except to admit that: (a) the Peace Corps uses a rigorous and competitive application process; (b) each Plaintiff was invited to continue in the application process to potentially serve as a Peace Corps volunteer (or Peace Corps Response volunteer), and (c) Plaintiffs received contingent invitations to serve, which were contingent on the Plaintiffs' proceeding successfully through the Peace Corps' medical clearance process.

14.    Paragraph 14 states legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph, except

to admit that (a) Plaintiffs were required to submit health information to the Peace Corps as part of Plaintiffs' applications, and (b) the Peace Corps issued written denials to each Plaintiff.

15.    Paragraph 15 states legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

16.    The second sentence in paragraph 16 consists of Plaintiffs' characterization of the relief they seek in this litigation, to which no response is required.  To the extent a response to that sentence is deemed necessary, Defendant denies the allegations and denies that Plaintiffs are entitled to the stated relief or to any relief.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16.

17.    Paragraph 17 states legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph, except to admit that the Peace Corps is an independent federal agency within the Executive Branch.

18.    Paragraph 18 states legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant admits that the Peace Corps is an agency as defined in the cited statutory provision, 5 U.S.C. § 551(1), and refers the Court to the cited statute for a full and complete statement of its contents..

19.    Defendant admits that at the time the Amended Complaint was filed, Carol Spahn was serving as the Director of the Peace Corps, and she was sued in her official capacity. Defendant denies that Carol Spahn still serves in that role.

### III.    Jurisdiction and Venue

20.    The first sentence of paragraph 20 consists of a description of Plaintiffs' claims in this action, to which no response is required.  The second sentence consists of a legal conclusion about jurisdiction, to which a response is not required.  To the extent any response is deemed necessary, the allegations in paragraph 20 are denied.

21.     The allegations contained in the first sentence of paragraph 21 constitute Plaintiffs' statement as to whether this Court has venue, which is a conclusion of law that requires no response.  With respect to the second sentence, Defendant admits that Peace Corps headquarters is located in Washington, DC, and that the Office of Health Services and the Behavioral Health and Outreach Unit within that office are based at headquarters; Defendant otherwise denies the allegations of the second sentence.

### IV.     Factual Allegations

22.     Paragraph 22 purports to quote a statement of the Peace Corps.  Because the paragraph does not include a citation, Defendant lacks knowledge or information sufficient to form a belief about whether the statement is accurately and truthfully quoted, and therefore denies the allegations in Paragraph 22.

23.     Defendant admits the allegations contained in Paragraph 23.

24.     Paragraph 24 quotes an unattributed statement.  Because the paragraph does not include a citation for that statement, Defendant lacks knowledge or information sufficient to form a belief about whether the statement is accurately and truthfully quoted, and therefore denies the allegations in Paragraph 24, except to admit that the Peace Corps volunteer program provides life and volunteer experience to volunteers.

25.     Paragraph 25 purports to quote a provision of the Peace Corps Act, which speaks for itself.  To the extent a response is required, Defendant admits that 22 U.S.C. § 2502(h) contains the quoted language but denies that this paragraph quotes the provision completely. Defendant refers the Court to the cited statute for a full and complete statement of its contents.

26.     Paragraph 26 purports to quote Peace Corps statements.  Because the paragraph does not include citations for these statements, Defendant lacks knowledge or information sufficient to form a belief about whether the statements are accurately and truthfully quoted.

Defendant therefore denies the allegations of paragraph 26 except to admit that its most recent strategic plan, for FY 2022–2026, used the phrase "reflect the diversity of America."

27.     The first sentence of paragraph 27 states a legal conclusion, to which no response is required.  To the extent a response is necessary, Defendant denies the allegations in the first sentence of this paragraph.  Defendant denies the allegations of the second sentence of this paragraph.

28.     Defendant denies the allegations of paragraph 28 except to admit that applicants must submit medical information during the application process and may be required to submit additional documentation during the medical clearance stage.

29.     Defendant denies the first sentence of paragraph 29 except to admit that the listed documentation can be requested of an invitee; Defendant avers that the medical clearance process, specific tasks, number of tasks required, and timing can be different depending on an invitee's medical history, country of invitation, and service assignment/work sector.  Defendant denies the allegations of the second sentence, except to admit that exams and specialist evaluations—including for mental health conditions—can be required for medical clearance. Defendant denies the allegations in the third sentence of this paragraph.

30.     Paragraph 30 states a legal conclusion, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

31.     Defendant denies the allegations of paragraph 31 except to admit that the Peace Corps' Office of Health Services utilizes "screening guidelines" for various medical conditions including the listed mental health conditions.

32.     Defendant denies the first sentence of paragraph 32 except to admit that the Peace Corps' Office of Health Services utilizes "screening guidelines" during the medical clearance process.  The remaining allegations in this paragraph consist of Plaintiffs' legal conclusions, to

which no response is required.  To the extent a response is deemed necessary, Defendant denies the remaining allegations.

33.    Paragraph 33 consists of Plaintiffs' characterization of Peace Corps' "screening guidelines," which speak for themselves.  To the extent a response is deemed necessary, Defendant denies Plaintiffs' characterization of the guidelines.  Defendant otherwise denies the allegations in this paragraph.

34.    Defendant denies the allegations of paragraph 34.

35.    Defendant denies the allegations of paragraph 35.

36.    Defendant denies the allegations of paragraph 36.

37.    Defendant denies the allegations of paragraph 37.

38.    Defendant denies the allegations of paragraph 38.

39.    Paragraph 39 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

40.    Defendant denies the allegations of paragraph 40, except to admit that most communications between Office of Health Services staff and applicants are conducted through the Medical Application Exchange System (MAXx) electronic system, which is a web-based system.

41.    Paragraph 41 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

42.    Paragraph 42 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

43.    Paragraph 43 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

44.    Defendant admits that an applicant who is denied medical clearance may request review of that decision by submitting any relevant information to the Peace Corps' Office of Health Services and that the information submitted by the applicant will be reviewed and considered by the Pre-Service Review Board ("PSRB").  Defendant otherwise denies the allegations of this paragraph.

45.    Paragraph 45 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

46.    Paragraph 46 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

47.    Paragraph 47 consists of Plaintiffs' characterization of the Volunteer Discrimination Complaint Procedure set forth in Peace Corps' regulations, 22 C.F.C. §§ 306.1–306.10.  Those regulations speak for themselves.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph and refers the Court to the cited regulations for a full and complete statement of their contents.

48.    Paragraph 48 consists of Plaintiffs' characterization of the Volunteer Discrimination Complaint Procedure set forth in Peace Corps' regulations, 22 C.F.C. §§ 306.1 through 306.10, which speak for themselves, and Plaintiffs' legal conclusions.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph and refers the Court to the cited regulations for a full and complete statement of their contents.  Defendant

refers the Court to the proposed and final rules adopting the revised regulations for a full and complete statement of the agency's reasons for amending the regulations.

49.    Paragraph 49 consists of Plaintiffs' characterization of Peace Corps' regulations, 22 C.F.R. §§ 306.8 through 306.9, which speak for themselves.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that the regulations include a pre-complaint procedure, *id.* § 306.8, and that applicants who receive a notification in writing of the right to file a formal complaint may file such complaint within 30 days of receiving that notice, *id.* § 306.9(a).  Defendant refers the Court to the cited regulations for a full and complete statement of their contents

50.    Paragraph 50 consists of Plaintiffs' characterization of a Peace Corps regulation, 22 C.F.R. § 306.9(i) and (m), which speaks for itself.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph and refers the Court to the cited regulation for a complete and accurate statement of its contents.

51.    Defendant denies the allegations of the first sentence of paragraph 51.  The remainder of this paragraph consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

52.    Paragraph 52 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

53.    Paragraph 53 consists of Plaintiffs' characterization of Peace Corps regulations, and a Peace Corps final rule amending those regulations, which both speak for themselves.  To

the extent a response is deemed necessary, Defendant denies the allegations of this paragraph and refers the Court to the cited regulations for a complete and accurate statement of their contents. Defendant refers the Court to the proposed and final rules adopting the revised regulations for a full and complete statement of the agency's reasons for amending the regulations.

**John Doe A**

54.     Defendant admits that John Doe A was a 24-year-old man at the time the Amended Complaint was filed.

55.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55.

56.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 except Defendant admits that John Doe A submitted health history information indicating that he was diagnosed with Major Depressive Disorder.

57.     Defendant admits that on or about September 2021, John Doe A applied for a Peace Corps volunteer position. Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57.

58.     Defendant admits that on August 16, 2022, John Doe A received a conditional invitation to serve in the Peace Corps as a volunteer in the Philippines, conditioned on receiving medical clearance. Defendant otherwise denies the allegations in this paragraph.

59.     Defendant denies the allegations of paragraph 59 except to admit that the Peace Corps conducts a thorough medical clearance process to ensure volunteer safety and well-being once a volunteer is in service abroad, and that as part of this process John Doe A disclosed medical and/or mental health histories, including diagnoses, medications, and treatments.

60.     Paragraph 60 consists of Plaintiffs' characterizations of submitted personal statements John Doe A submitted to the Peace Corps on or about November 2, 2022, which speak for themselves.  To the extent a response is deemed necessary, Defendant admits that on or about November 2, 2022, John Doe A submitted personal statements in which he answered a series of questions about his health, but otherwise denies Plaintiffs' characterization of the personal statements and refers the Court to those statements for a full and complete statement of their contents.

61.     Defendant denies the allegations of paragraph 61 except to admit that on or about November 9, 2022, Office of Health Services staff informed John Doe A of his medical non-clearance.  Defendant refers the Court to the written denial for a full and complete statement of its contents.

62.     Paragraph 62 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

63.     Paragraph 63 consists of Plaintiffs' characterization of an electronic message John Doe A sent to Peace Corps on November 9, 2022, and a written submission he allegedly made on or about December 7, 2022.  Those documents speak for themselves.  The second sentence in this paragraph consists of a legal conclusion to which no response is required.  To the extent any response is deemed necessary, Defendant admits that John Doe A sent a message on November 9, 2022, but denies Plaintiffs' characterization of that message, and admits that on December 6, 2022 (not December 7, 2022), John Doe A requested review of his medical non-clearance decision, but denies Plaintiffs' characterization of his submission requesting review.  Defendant otherwise denies the allegations of this paragraph and refers the Court to John Doe A's message and submission for a full and complete statement of their contents.

64.     Defendant denies the allegations of paragraph 64.

65.     The allegations of paragraph 65 consist of Plaintiffs' characterization of a communication Peace Corps sent to John Doe A on or about December 21, 2022, which speaks for itself. To the extent a response is deemed necessary, Defendant admits that on December 21, 2022, John Doe A was informed that the Pre-Service Review Board had upheld the medial non-clearance decision, but otherwise denies Plaintiffs' characterization of that communication and refers the Court to that message for a full and complete statement of its contents.

66.     Paragraph 66 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

67.     Defendant denies the allegations of paragraph 67.

68.     Defendant denies the allegations of paragraph 68.

69.     Paragraph 69 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

70.     Paragraph 70 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

71.     Paragraph 71 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

72.     Paragraph 72 consists of a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant admits that John Doe A initiated the Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306) with a pre-

complaint filing (referred to by the Peace Corps as an "informal complaint") on December 7, 2022, which he supplemented on January 11, 2023. Defendant denies Plaintiffs' characterization of that filing, which speaks for itself, and refers the Court to that filing for a full and complete statement of its contents. Defendant otherwise denies the allegations in this paragraph.

73.     Paragraph 73 consists of a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant admits that on February 16, 2023, John Doe A filed a formal discrimination complaint through Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306). Defendant denies Plaintiffs' characterization of that administrative complaint, which speaks for itself, and refers the Court to the administrative complaint for a full and complete statement of its contents.

74.     Paragraph 74 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot. To the extent a response is deemed necessary, Defendant denies the allegations.

75.     Paragraph 75 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot. To the extent a response is deemed necessary, Defendant denies the allegations.

76.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76.

**John Doe B**

77.     Defendant admits that John Doe B was a 28-year-old man at the time the Amended Complaint was filed.

78.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78.

79.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79, except Defendant admits that John Doe B submitted health history information indicating that he was diagnosed with Bipolar Disorder.

80.     Defendant admits that in or about May 2022, John Doe B applied for a Peace Corps volunteer position.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

81.     Defendant admits that on or about October 28, 2022, John Doe B received a conditional invitation to serve in the Peace Corps as a volunteer in Kyrgyzstan, conditioned on receiving medical clearance.  Defendant otherwise denies the allegations in this paragraph.

82.     Defendant denies the allegations of paragraph 82 except to admit that the Peace Corps conducts a thorough medical clearance process to ensure volunteer safety and well-being once a volunteer is in service abroad, and that as part of this process John Doe B disclosed medical and/or mental health histories, including diagnoses and treatments.

83.     Defendant denies the allegations of paragraph 83 except to admit that during the application and medical clearance processes, John Doe B submitted health-related information to the Peace Corps.

84.     Paragraph 84 consists of Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of a communication that Peace Corps sent to John Doe B, which speaks for itself.  To the extent any response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that on or about November 15, 2022, Office of Health Services staff informed John Doe B of his medical non-clearance.  Defendant refers the Court to that notification for a full and complete statement of its contents.

85.    Paragraph 85 consists of Plaintiffs' characterization of an electronic message John Doe B sent to Peace Corps on November 15, 2022, and a written submission he made on or about December 15, 2022.  Those documents speak for themselves.  The second sentence in this paragraph consists of a legal conclusion to which no response is required.  To the extent any response is deemed necessary, Defendant admits that John Doe B sent a message on November 15, 2022, but denies Plaintiffs' characterization of that message, and admits that on December 15, 2022, John Doe B submitted a letter requesting review of the medical non-clearance—and also submitted documents in support—but denies Plaintiffs' characterization of his submissions. Defendant otherwise denies the allegations of this paragraph and refers the Court to John Doe B's message and submissions for a full and complete statement of their contents..

86.    Defendant denies the allegations of paragraph 86.

87.    Paragraph 87 consists of Plaintiffs' characterization of a communication Peace Corps sent to John Doe B on or about February 8, 2023, which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that on February 8, 2023, John Doe B was informed that the Pre-Service Review Board had upheld the medial non-clearance decision, but otherwise denies Plaintiffs' characterization of that communication and refers the Court to that communication for a full and complete statement of its contents.

88.    Paragraph 88 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

89.    Defendant denies the allegations of paragraph 89.

90.    Defendant denies the allegations of paragraph 90.

91.     Paragraph 91 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

92.     Paragraph 92 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

93.     Paragraph 93 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

94.     Paragraph 94 consists of a legal conclusion, to which no response is required.  To the extent a response is deemed necessary, Defendant admits that John Doe B initiated the Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306) with a pre-complaint filing (referred to by the Peace Corps as an "informal complaint") on December 5, 2022, which he supplemented on or around February 2023.  Defendant denies Plaintiffs' characterization of that filing, which speaks for itself, and refers the Court to that filing for a full and complete statement of its contents.  Defendant otherwise denies the allegations in this paragraph.

95.     Paragraph 95 consists of a legal conclusion, to which no response is required.  To the extent a response is deemed necessary, Defendant admits that on February 16, 2023, John Doe B filed a formal discrimination complaint through Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306).  Defendant denies Plaintiffs' characterization of that administrative complaint, which speaks for itself, and refers the Court to the administrative complaint for a full and complete statement of its contents.

96.     Paragraph 96 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

97.     Paragraph 97 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

98.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98.

**John Doe C**

99.     Defendant admits that John Doe C was a 45-year-old man at the time the Amended Complaint was filed.

100.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 100.

101.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101, except Defendant admits that John Doe C submitted health history information indicating he was diagnosed with Generalized Anxiety Disorder, ADHD, and depressive episodes, and had a record of substance use disorder.

102.    Defendant admits that in or about March 2023, John Doe C applied for a Peace Corps volunteer position.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

103.    Defendant admits that on or about March 31, 2023, John Doe C received a conditional invitation to serve in the Peace Corps as a volunteer in Fiji, conditioned on receiving medical clearance.  Defendant otherwise denies the allegations in this paragraph.

104.    Defendant denies the allegations of paragraph 104 except to admit that the Peace Corps conducts a thorough medical clearance process to ensure volunteer safety and well-being once a volunteer is in service abroad, and that as part of this process, John Doe C disclosed medical and/or mental health histories, including treatments.

105.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of the second sentence of paragraph 105.  Defendant otherwise denies the allegations of this paragraph except to admit that during the application and medical clearance processes, John Doe C submitted to the Peace Corps though an online system health-related information including diagnoses and medication history.

106.    Paragraph 106 consists of plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of a communication that Peace Corps sent to John Doe C, which speaks for itself.  To the extent any response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that on or about June 2, 2023, Office of Health Services staff sent John Doe C a communication regarding his medical non-clearance. Defendant refers the Court to that communication for a full and complete statement of its contents.

107.    Defendant denies the allegations of this paragraph except to admit that John Doe C had not provided an evaluation from a psychiatrist prior to the June 2, 2023 medical non-clearance decision.

108.    Defendant denies the allegations of the first sentence of paragraph 108.  The second sentence of this paragraph consists of Plaintiffs' characterization of messages that John

18

Doe C sent to Peace Corps, which speak for themselves; to the extent any response is deemed necessary, Defendant denies Plaintiffs' characterization of those messages and refers the Court to those messages for a full and complete statement of their contents. The third sentence of this paragraph consists of Plaintiffs' legal conclusions, to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations.

109.    Paragraph 109 consists of Plaintiffs' characterization of an electronic message John Doe C sent to Peace Corps on June 2, 2023, which speaks for itself. To the extent a response is deemed necessary, Defendant admits that John Doe C sent a message on June 2, 2023, but denies Plaintiffs' characterization of that message, and refers the Court to the message for a full and complete statement of its contents.

110.    Paragraph 110 consists of a legal conclusion to which no response is required and Plaintiffs' characterization of submissions John Doe C sent to Peace Corps, which speak for themselves. To the extent any response is deemed necessary, Defendant admits that John Doe C requested review of his medical non-clearance decision, and submitted documentation from his providers; Defendant denies Plaintiffs' characterization of the submissions, and refers the Court to those submissions for a full and complete statement of their contents. Defendant otherwise denies the allegations of this paragraph.

111.    Defendant denies the allegations of paragraph 111.

112.    Paragraph 112 consists of Plaintiffs' characterization of a communication Peace Corps sent to John Doe C on or about July 21, 2023, which speaks for itself. To the extent a response is deemed necessary, Defendant admits that on July 21, 2023, John Doe C was informed that the Pre-Service Review Board had upheld the medial non-clearance decision, but otherwise denies Plaintiffs' characterization of that communication and refers the Court to that communication for a full and complete statement of its contents.

113.    Paragraph 113 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

114.    Defendant denies the allegations of paragraph 114.

115.    Defendant denies the allegations of paragraph 115.

116.    Paragraph 116 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

117.    Paragraph 117 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

118.    Paragraph 118 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

119.    Paragraph 119 consists of a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant admits that John Doe C initiated the Peace Corps' Volunteer Discrimination Complaint Procedures (22 CFR Part 306) with a pre-complaint filing (referred to by the Peace Corps as an "informal complaint") on August 24, 2023. Defendant denies Plaintiffs' characterization of that filing, which speaks for itself, and refers the Court to that filing for a full and complete statement of its contents.  Defendant otherwise denies the allegations in this paragraph.

120.    Paragraph 120 consists of a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant admits that on October 9, 2023, John Doe C timely filed a formal discrimination complaint through Peace Corps' Volunteer

Discrimination Complaint Procedures (22 CFR Part 306).  Defendant denies Plaintiffs'
characterization of that administrative complaint, which speaks for itself, and refers the Court to
the administrative complaint for a full and complete statement of its contents.

121.    Paragraph 121 consists of allegations relating to Plaintiffs' claims of unreasonable
delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF
No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay
claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

122.    Paragraph 122 consists of allegations relating to Plaintiffs' claims of unreasonable
delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF
No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay
claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

123.    Defendant lacks sufficient knowledge or information to form a belief as to the
truth of the allegations in paragraph 123.

**Jane Doe A**

124.    Defendant admits that Jane Doe A was a 35-year-old woman at the time the
Amended Complaint was filed.

125.    Defendant lacks sufficient knowledge or information to form a belief as to the
truth of the allegations of paragraph 125, except Defendant admits that Jane Doe A's application
materials indicated that she lived in Bentonville, Arkansas at the time of her application to the
Peace Corps.

126.    Defendant lacks sufficient knowledge or information to form a belief as to the
truth of the allegations in paragraph 126, except Defendant admits that Jane Doe A submitted
health history information indicating that she was diagnosed with Major Depressive Disorder,
Generalized Anxiety Disorder, PTSD, and Panic Disorder.

127.    Defendant admits Jane Doe A applied for a Peace Corps volunteer position in or about May 2022.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

128.    Defendant admits that on or about September 29, 2022, Plaintiff Jane Doe A received a conditional invitation to serve in the Peace Corps as a volunteer in Mongolia, conditioned on receiving medical clearance.  Defendant otherwise denies the allegations in this paragraph.

129.    Defendant denies the allegations of paragraph 129 except to admit that the Peace Corps conducts a thorough medical clearance process to ensure volunteer safety and well-being once a volunteer is in service abroad, and that as part of this process Jane Doe A disclosed medical and/or mental health histories, including diagnoses and treatment.

130.    Defendant denies the allegations of the first sentence of paragraph 130 except to admit that during the application and medical clearance processes, Jane Doe A submitted health-related information to the Peace Corps and answered health-related questions.  The remainder of this paragraph consists of Plaintiffs' characterization of letters Jane Doe A submitted to Peace Corps, which speak for themselves.  To the extent a response is deemed necessary, Defendant denies Plaintiffs' characterization of the letters, and refers the Court to those letters for a full and complete statement of their contents.

131.    Paragraph 131 consists of Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of a communication that Peace Corps sent to Jane Doe A, which speaks for itself.  To the extent any response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that on or about November 30, 2022, Office of Health Services staff informed Jane Doe A of her medical non-clearance.  Defendant refers the Court to that notification for a full and complete statement of its contents.

132.    Paragraph 132 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

133.    The first sentence of paragraph 133 consists of a legal conclusion to which no response is required; the remainder of this paragraph consists of Plaintiffs' characterization of submissions made by Jane Doe A, which speak for themselves.  To the extent any response is deemed necessary, Defendant admits that on January 7, 2023, Jane Doe A requested review of her medical non-clearance decision, but denies Plaintiffs' characterization of her submission requesting review.  Defendant otherwise denies the allegations of this paragraph and refers the Court to Jane Doe A's submissions for a full and complete statement of their contents.

134.    Defendant denies the allegations of paragraph 134.

135.    Paragraph 135 consists of Plaintiffs' characterization of a communication Peace Corps sent to Jane Doe A on or about February 1, 2023, which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that on February 1, 2023, Jane Doe A was informed that the Pre-Service Review Board had upheld the medial non-clearance decision, but otherwise denies Plaintiffs' characterization of that communication and refers the Court to that message for a full and complete statement of its contents.

136.    Paragraph 136 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

137.    Paragraph 137 consists of Plaintiffs' characterization of Jane Doe A's ROI (Report of Investigation), which speaks for itself.  To the extent a response is deemed necessary, Defendant denies Plaintiffs' characterization and refers the Court to the ROI for a full and complete statement of its contents.

138. Defendant denies the allegations of paragraph 138.

139. Paragraph 139 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

140. Paragraph 140 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

141. Paragraph 141 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

142. Paragraph 142 consists of Plaintiffs' characterization of a submission that Jane Doe A made to the Peace Corps on March 11, 2023, which speaks for itself. To the extent a response is deemed necessary, Defendant admits that Jane Doe A initiated the Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306) with a pre-complaint filing (referred to by the Peace Corps as an "informal complaint") on March 11, 2023. Defendant denies Plaintiffs' characterization of that filing, which speaks for itself, and refers the Court to that filing for a full and complete statement of its contents. Defendant otherwise denies the allegations in this paragraph.

143. Paragraph 143 consists of a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant admits that on April 25, 2023, Jane Doe A filed a formal discrimination complaint through Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306). Defendant denies Plaintiffs' characterization of that administrative complaint, which speaks for itself, and refers the Court to the administrative complaint for a full and complete statement of its contents.

144.    The last sentence of paragraph 144 consists of a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations of the last sentence.  This paragraph otherwise consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

145.    Paragraph 145 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

146.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 146.

**Jane Doe B**

147.    Defendant admits that Jane Doe B was a 22-year-old woman at the time the Amended Complaint was filed.

148.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 148.

149.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 149, except Defendant admits that Jane Doe B submitted health history information indicating that she was diagnosed with Major Depressive Disorder and ADHD.

150.    Defendant admits Jane Doe B applied for a Peace Corps volunteer position in the fall of 2022.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

151.    Defendant admits that on or about October 26, 2022, Jane Doe B received a conditional invitation to serve in the Peace Corps as a volunteer in Rwanda, conditioned on receiving medical clearance.  Defendant otherwise denies the allegations in this paragraph.

152.    Defendant denies the allegations of paragraph 152 except to admit that the Peace Corps conducts a thorough medical clearance process to ensure volunteer safety and well-being once a volunteer is in service abroad, and that as part of this process Jane Doe B disclosed medical and/or mental health histories, including diagnoses and treatment.

153.    Paragraph 153 consists of Plaintiffs' characterization of evaluations and personal statements Jane Doe B submitted to Peace Corps, which speak for themselves.  To the extent a response is deemed necessary, Defendant admits that Jane Doe B submitted mental health evaluations in November 2022 and also submitted personal statements; Defendant denies Plaintiffs' characterization of the evaluations and personal statements, and refers the Court to those documents for a full and complete statement of their contents.

154.    Paragraph 154 consists of Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of a communication that Peace Corps sent to Jane Doe B, which speaks for itself.  To the extent any response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that on or about January 24, 2023, Office of Health Services staff informed Jane Doe B of her medical non-clearance.  Defendant refers the Court to that notification for a full and complete statement of its contents.

155.    Paragraph 155 consists of a legal conclusion to which no response is required, and Plaintiffs' characterization of a submission made by Jane Doe B, which speaks for itself.  To the

extent any response is deemed necessary, Defendant admits Jane Doe B requested review of her medical non-clearance decision, but denies Plaintiffs' characterization of her submission requesting review. Defendant otherwise denies the allegations of this paragraph and refers the Court to Jane Doe B's submission for a full and complete statement of its contents.

156.    Defendant denies the allegations of paragraph 156.

157.    Paragraph 157 consists of Plaintiffs' characterization of a communication Peace Corps sent to Jane Doe B on or about March 15, 2023, which speaks for itself. To the extent a response is deemed necessary, Defendant admits that on March 15, 2023, Jane Doe B was informed that the Pre-Service Review Board had upheld the medial non-clearance decision, but otherwise denies Plaintiffs' characterization of that communication, and refers the Court to that notification for a full and complete statement of its contents.

158.    Paragraph 158 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

159.    Paragraph 159 consists of Plaintiffs' characterization of Jane Doe B's ROI (Report of Investigation), which speaks for itself. To the extent a response is deemed necessary, Defendant denies Plaintiffs' characterization and refers the Court to the ROI for a full and complete statement of its contents.

160.    Defendant denies the allegations of paragraph 160.

161.    Paragraph 161 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

162.    Paragraph 162 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

163.    Paragraph 163 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

164.    Paragraph 164 consists of Plaintiffs' characterization of a submission that Jane Doe B made to the Peace Corps on April 4, 2023, which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that Jane Doe B initiated the Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306) with a pre-complaint filing (referred to by the Peace Corps as an "informal complaint") on April 4, 2023.  Defendant denies Plaintiffs' characterization of that filing, which speaks for itself, and refers the Court to that filing for a full and complete statement of its contents.  Defendant otherwise denies the allegations in this paragraph.

165.    Paragraph 165 consists of a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant admits that on June 2, 2023, Jane Doe B filed a formal discrimination complaint through Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306).  Defendant denies Plaintiffs' characterization of that administrative complaint, which speaks for itself, and refers the Court to the administrative complaint for a full and complete statement of its contents.

166.    The last sentence of paragraph 166 consists of a legal conclusion to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations of the last sentence.  This paragraph otherwise consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this

Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

167.    Paragraph 167 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

168.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 168.

**Jane Doe C**

169.    Defendant admits that Jane Doe C was a 66-year-old woman at the time the Amended Complaint was filed.

170.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 170.

171.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 171, except Defendant admits that Jane Doe C submitted health history information indicating that she was diagnosed with Persistent Depressive Disorder, PTSD, and insomnia.

172.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 172, except Defendant admits that Jane Doe C applied for a Peace Corps volunteer position in January 2023 and that her application materials indicated that she had previously served as a Peace Corps volunteer in Kenya in 1979.

173.    Defendant admits that on or about January 24, 2023, Jane Doe C received a conditional invitation to serve in the Peace Corps as a volunteer in Jamaica, conditioned on receiving medical clearance.  Defendant otherwise denies the allegations in this paragraph.

174.    Defendant denies the allegations of paragraph 174 except to admit that the Peace Corps conducts a thorough medical clearance process to ensure volunteer safety and well-being once a volunteer is in service abroad, and that as part of this process Jane Doe C disclosed medical and/or mental health histories, including diagnoses and treatment.

175.    Paragraph 175 consists of Plaintiffs' characterization of letters Jane Doe C submitted to Peace Corps, which speak for themselves.  To the extent a response is deemed necessary, Defendant admits that Jane Doe C submitted multiple letters from mental health providers who had provided her with treatment; Defendant denies Plaintiffs' characterization of the letters, and refers the Court to those documents for a full and complete statement of their contents.

176.    Paragraph 176 consists of Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of a communication that Peace Corps sent to Jane Doe C, which speaks for itself.  To the extent any response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that on or about March 6, 2023, Office of Health Services staff informed Jane Doe C of her medical non-clearance.  Defendant refers the Court to that notification for a full and complete statement of its contents.

177.    Paragraph 177 consists of Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of the March 6, 2023 communication that Peace Corps sent to Jane Doe C, which speaks for itself.  To the extent any response is deemed necessary, Defendant denies the allegations of this paragraph and refers the Court to that notification for a full and complete statement of its contents.

178.    Paragraph 178 consists of a legal conclusion to which no response is required, and Plaintiffs' characterization of a submission made by Jane Doe C, which speaks for itself.  To the extent any response is deemed necessary, Defendant admits that on March 11, 2023, Jane Doe C requested review of her medical non-clearance decision and that she submitted a personal statement, but denies Plaintiffs' characterization of those submissions.  Defendant otherwise denies the allegations of this paragraph and refers the Court to Jane Doe C's submissions for a full and complete statement of their contents.

179.    Defendant denies the allegations of paragraph 179.

180.    Paragraph 180 consists of Plaintiffs' characterization of a communication Peace Corps sent to Jane Doe C on or about March 29, 2023, which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that on March 29, 2023, Jane Doe C was informed that the Pre-Service Review Board had upheld the medial non-clearance decision, but otherwise denies Plaintiffs' characterization of that communication and refers the Court to that message for a full and complete statement of its contents.

181.    Paragraph 181 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

182.    Defendant denies the allegations of paragraph 182.

183.    Defendant denies the allegations of paragraph 183.

184.    Paragraph 184 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

185.    Paragraph 185 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

186.    Paragraph 186 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

187.    Paragraph 187 consists of a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant admits that Jane Doe C initiated the Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306) with a pre-complaint filing (referred to by the Peace Corps as an "informal complaint") on April 5, 2023. Defendant denies Plaintiffs' characterization of that filing, which speaks for itself, and refers the Court to that filing for a full and complete statement of its contents.  Defendant otherwise denies the allegations in this paragraph.

188.    Paragraph 188 consists of a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant admits that on July 19, 2023, Jane Doe C filed a formal discrimination complaint through Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306).  Defendant denies Plaintiffs' characterization of that administrative complaint, which speaks for itself, and refers the Court to the administrative complaint for a full and complete statement of its contents.

189.    Paragraph 189 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

190.    Paragraph 190 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

191. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 191.

**Jane Doe D**

192.    Defendant admits that Jane Doe D was a 23-year-old woman at the time the Amended Complaint was filed.

193.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 193.

194.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 194, except Defendant admits that Jane Doe D submitted health history information indicating that she was diagnosed with Major Depressive Disorder.

195.    Defendant admits that Jane Doe D applied for a Peace Corps volunteer position in September 2021.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

196.    Defendant admits that on or about July 18, 2022,  Jane Doe D received a conditional invitation to serve in the Peace Corps as a volunteer in Costa Rica, conditioned on receiving medical clearance.  Defendant otherwise denies the allegations in this paragraph.

197.    Defendant denies the allegations of paragraph 197 except to admit that the Peace Corps conducts a thorough medical clearance process to ensure volunteer safety and well-being once a volunteer is in service abroad, and that as part of this process Jane Doe D disclosed medical and/or mental health histories, including diagnoses.

198.    Paragraph 198 consists of Plaintiffs' characterization of a statement Jane Doe D submitted to Peace Corps, which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that Jane Doe D submitted a statement from her mental health provider. Defendant denies Plaintiffs' characterization of the statement, and refers the Court to that document for a full and complete statement of its contents.

199.    Paragraph 199 consists of Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of a communication that Peace Corps sent to Jane Doe D, which speaks for itself.  To the extent any response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that on or about November 10, 2022, Office of Health Services staff informed Jane Doe D of her medical non-clearance.  Defendant refers the Court to that notification for a full and complete statement of its contents.

200.    Paragraph 200 consists of a legal conclusion, to which no response is required, and Plaintiffs' characterization of submissions made by Jane Doe D, which speak for themselves. To the extent any response is deemed necessary, Defendant admits that on December 7, 2022, Jane Doe D requested review of her medical non-clearance decision and that she submitted a personal statement, but denies Plaintiffs' characterization of those submissions.  Defendant otherwise denies the allegations of this paragraph and refers the Court to Jane Doe D's submissions for a full and complete statement of their contents.

201.    Defendant denies the allegations of paragraph 201.

202.    Paragraph 202 consist of Plaintiffs' characterization of a communication Peace Corps sent to Jane Doe C on or about December 14, 2022, which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that on December 14, 2022, Jane Doe D was informed that the Pre-Service Review Board had upheld the medial non-clearance decision, but

otherwise denies Plaintiffs' characterization of that communication and refers the Court to that message for a full and complete statement of its contents.

203.    Paragraph 203 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

204.    Defendant denies the allegations of paragraph 204.

205.    Defendant denies the allegations of paragraph 205.

206.    Paragraph 206 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

207.    Paragraph 207 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

208.    Paragraph 208 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

209.    Paragraph 209 consists of a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant admits that Jane Doe D initiated the Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306) with a pre-complaint filing (referred to by the Peace Corps as an "informal complaint") on December 7, 2022.  Defendant denies Plaintiffs' characterization of that filing, which speaks for itself, and refers the Court to that filing for a full and complete statement of its contents.  Defendant otherwise denies the allegations in this paragraph.

210.    Paragraph 210 consists of a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant admits that on February 16, 2023, Jane Doe D filed a formal discrimination complaint through Peace Corps' Volunteer Discrimination Complaint Procedures (22 C.F.R. Part 306).  Defendant denies Plaintiffs' characterization of that administrative complaint, which speaks for itself, and refers the Court to the administrative complaint for a full and complete statement of its contents.

211.    Paragraph 211 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

212.    Paragraph 212 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

213.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 213.

**Jane Doe E**

214.    Defendant admits that Jane Doe E was a 45-year-old woman at the time the Amended Complaint was filed.

215.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 215.

216.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 216, except Defendant admits that Jane Doe E submitted health history information indicating that she was diagnosed with adjustment disorder.

217.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, except that Defendant admits that Plaintiff Jane Doe E applied for a Peace Corps Response volunteer position in October 2016 and that she submitted application materials indicating she previously served as a Peace Corps volunteer from 2000 to 2003.

218.    Defendant lacks sufficient knowledge or information to form a belief as to the date of Jane Doe E's conditional invitation, but admits that Jane Doe E received a conditional invitation to serve as a Peace Corps Response Volunteer, conditioned on receiving medical clearance.  Defendant otherwise denies the allegations in this paragraph.

219.    Defendant admits the allegation in paragraph 219.

220.    Paragraph 220 consists of Plaintiffs' characterization of submissions Jane Doe E made to Peace Corps, which speak for themselves.  To the extent a response is deemed necessary, Defendant admits that Jane Doe E submitted documentation including a personal statement and a mental health evaluation from a provider who had provided her with treatment; Defendant denies Plaintiffs' characterization of these documents and refers the Court to those documents for a full and complete statement of their contents.

221.    Paragraph 221 consists of Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of a communication that Peace Corps sent to Jane Doe E, which speaks for itself.  To the extent any response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that on or about March 16, 2017, Office of Health Services staff informed Jane Doe E of her medical non-clearance.  Defendant refers the Court to that notification for a full and complete statement of its contents.

222.    The first sentence of paragraph 222 consists of a legal conclusion to which no response is required; the remainder of this paragraph consists of Plaintiffs' characterization of

submissions made by Jane Doe E, which speak for themselves.  To the extent any response is deemed necessary, Defendant admits that on April 6, 2017, Jane Doe E requested review of her medical non-clearance decision and that she submitted a personal statement, but denies Plaintiffs' characterization of those submissions.  Defendant otherwise denies the allegations of this paragraph and refers the Court to Jane Doe E's submissions for a full and complete statement of their contents.

223.    Defendant denies the allegations of paragraph 223.

224.    Paragraph 224 consist of Plaintiffs' characterization of a communication Peace Corps sent to Jane Doe E on or about April 20, 2017, which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that on April 20, 2017, Jane Doe E was informed that the Pre-Service Review Board had upheld the medial non-clearance decision, but otherwise denies Plaintiffs' characterization of that communication and refers the Court to that message for a full and complete statement of its contents.

225.    Paragraph 225 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

226.    Paragraph 226 consists of Plaintiffs' characterization of Jane Doe E's ROI (Report of Investigation), which speaks for itself.  To the extent a response is deemed necessary, Defendant denies Plaintiffs' characterization and refers the Court to the ROI for a full and complete statement of its contents.

227.    Defendant denies the allegations of paragraph 227.

228.    Paragraph 228 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

229.    Paragraph 229 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

230.    Paragraph 230 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

231.    Paragraph 231 consists of Plaintiffs' characterization of a submission that Jane Doe E made to the Peace Corps on April 25, 2017, which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that Jane Doe E initiated the Peace Corps' administrative discrimination complaint procedure for volunteers by submitting a pre-complaint filing on April 25, 2017.  Defendant denies Plaintiffs' characterization of that filing, which speaks for itself, and refers the Court to that filing for a full and complete statement of its contents.  Defendant otherwise denies the allegations in this paragraph.

232.    Paragraph 232 consists of Plaintiffs' characterization of a submission that Jane Doe E made to the Peace Corps on June 19, 2017, which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that on June 19, 2017, Jane Doe E submitted a formal administrative complaint of discrimination.  Defendant denies Plaintiffs' characterization of that administrative complaint, which speaks for itself, and refers the Court to the administrative complaint for a full and complete statement of its contents.

233.    Paragraph 233 consists of the FAD (Final Agency Decision) that Peace Corps issued to Jane Doe E, which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that it issued a FAD to Jane Doe E on or about August 29, 2018, but denies Plaintiffs' characterization of document, and refers the Court to the FAD for a full and complete statement of its contents.

234.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 234.

**Allegations About Others (Non-Plaintiffs)**

235.    Paragraph 235 consists of allegations regarding applicants for volunteer service other than Plaintiffs.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, paragraph 235 does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

236.    Paragraph 236 consists of allegations regarding applicants for volunteer service other than Plaintiffs.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

237.    Paragraph 237 consists of allegations regarding applicants for volunteer service other than Plaintiffs, and a legal conclusion regarding Plaintiffs' challenge to the Peace Corps' screening and clearance guidelines.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized

decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

238.    Defendant denies the allegations in paragraph 238 that pertain to Plaintiffs. Paragraph 238 also includes allegations regarding applicants for volunteer service other than Plaintiffs.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, the portion of this paragraph regarding individuals other than Plaintiffs does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant denies the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

239.    Paragraph 239 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

240.    Paragraph 240 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and

Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

241.    Paragraph 241 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

242.    Paragraph 242 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and

further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

243.    Paragraph 243 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

244.    Paragraph 244 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

245.    Paragraph 245 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized

decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

246.    Paragraph 246 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant denies the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

247.    Paragraph 247 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant denies the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

248.    Paragraph 248 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not

provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

249.     Paragraph 249 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

250.     Paragraph 250 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

251.     Paragraph 251 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

252.     Paragraph 252 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

253.     Paragraph 253 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant

lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

254.    Paragraph 254 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

255.    Paragraph 255 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

256.    Paragraph 256 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not

provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

257.    Paragraph 257 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

258.    Paragraph 258 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

259.     Paragraph 259 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

260.     Paragraph 260 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

261.     Paragraph 261 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant

lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

262. Paragraph 262 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case. In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

263. Paragraph 263 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case. In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

264. Paragraph 264 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case. In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not

provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

265.    Paragraph 265 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case. In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

266.    Paragraph 266 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case. In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

267.    Paragraph 267 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

268.    Paragraph 268 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

269.    Paragraph 269 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant

lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

270.    Paragraph 270 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

271.    Paragraph 271 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

272.    Paragraph 272 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not

provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

273.     Paragraph 273 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case. In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

274.     Paragraph 274 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case. In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

275.     Paragraph 275 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

276.     Paragraph 276 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

277.     Paragraph 277 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant

lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

278.    Paragraph 278 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

279.    Paragraph 279 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

280.    Paragraph 280 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not

provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

281.    Paragraph 281 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case. In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

282.    Paragraph 282 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case. In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39. Therefore, this paragraph does not require a responsive pleading. To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

283.    Paragraph 283 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

284.    Paragraph 284 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

285.    Paragraph 285 consists of allegations regarding an individual who is not one of the eight Plaintiffs in this case.  In this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39), the Court indicated that the Rehabilitation Act does not provide a private right of action here, and that Plaintiffs may only pursue their "individualized decisions" and not their broader challenges, Mem. Op. 7–8, 39.  Therefore, this paragraph does not require a responsive pleading.  To the extent a response is deemed necessary, Defendant

lacks sufficient knowledge or information to form a belief as to the truth of the allegations and further avers that Plaintiffs lack standing to pursue allegations regarding applicants other than themselves.

**Allegations About Further Exhaustion of Administrative Remedies**

286.    The first sentence of paragraph 286 consists of a legal conclusion, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of the first sentence except to admit that Plaintiffs submitted extensive documentation to the Peace Corps.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations involving unnamed "Invitees."  The second sentence of this paragraph consists of Plaintiffs' characterization of evaluation forms and letters, which speak for themselves.  To the extent a response is deemed necessary, Defendant denies Plaintiffs' characterization of the letters, and refers the Court to those documents for a full and complete statement of their contents.

287.    Defendant denies the allegations of paragraph 287.

288.    Defendant denies the allegations of paragraph 288.

289.    Defendant denies the allegations of paragraph 289.

290.    Defendant denies the allegations in the first sentence of paragraph 290.  The second sentence consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of the second sentence.

291.    Defendant denies the allegations of paragraph 291.

292.    Paragraph 292 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

293.    Paragraph 293 consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

**Allegations About Unreasonable Delay**

294.    Paragraph 294 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

295.    Paragraph 295 consists of allegations and legal conclusions relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

296.    Paragraph 296 consists of a legal conclusion relating to Plaintiffs' claims of unreasonable delay; and it therefore does not require a response; it also does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

297.    Paragraph 297 consists of allegations relating to Plaintiffs' claims of unreasonable delay; it does not require a responsive pleading because this Court's May 6, 2025 Order (ECF No. 38) and Memorandum Opinion (ECF No. 39) dismissed Plaintiffs' unreasonable delay claims as moot.  To the extent a response is deemed necessary, Defendant denies the allegations.

## V.  Claims for Relief

**FIRST CLAIM FOR RELIEF: Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), Disability Discrimination (By Plaintiffs John Doe A, John Doe B, John Doe C, Jane Doe A, Jane Doe B, Jane Doe C, and Jane Doe D)**

298.    Defendant restates and incorporates by reference the responses contained in the preceding paragraphs.

299.    Paragraph 299 consists of legal conclusions relating to Plaintiffs' Rehabilitation Act claim, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 7–8, and therefore, no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

300.    Paragraph 300 consists of legal conclusions relating to Plaintiffs' Rehabilitation Act claim, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 7–8, and therefore, no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

301.    Paragraph 301 consists of legal conclusions relating to Plaintiffs' Rehabilitation Act claim, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 7–8, and therefore, no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

302.    Paragraph 302 consists of legal conclusions relating to Plaintiffs' Rehabilitation Act claim, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 7–8, and therefore, no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

303.    Paragraph 303 consists of legal conclusions relating to Plaintiffs' Rehabilitation Act claim, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 7–

8, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

304.    Paragraph 304 consists of legal conclusions relating to Plaintiffs' Rehabilitation Act claim, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 7–8, and therefore no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

305.    Paragraph 305 consists of legal conclusions relating to Plaintiffs' Rehabilitation Act claim, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 7–8, and therefore no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

306.    Paragraph 306 consists of legal conclusions relating to Plaintiffs' Rehabilitation Act claim, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 7–8, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

307.    Paragraph 307 consists of legal conclusions relating to Plaintiffs' Rehabilitation Act claim, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 7–8, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

308.    Paragraph 308 consists of legal conclusions relating to Plaintiffs' Rehabilitation Act claim, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 7–8, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

**SECOND CLAIM FOR RELIEF: Violation of the Administrative Procedure Act, 5 U.S.C. § 551, Disability Discrimination (By All Plaintiffs)**

309.    Defendant restates and incorporates by reference the responses contained in the preceding paragraphs.

310.    Paragraph 310 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant admits that the Peace Corps meets the statutory definition of an agency in 5 U.S.C. § 551(1).

311.    Paragraph 311 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that each of the eight Plaintiffs was medically non-cleared to serve as a Peace Corps volunteer.

312.    Paragraph 312 consists of legal conclusions, to which no response is required, and otherwise purports to quote 5 U.S.C. § 551(6), which speaks for itself.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that 5 U.S.C. § 551(6) includes the quoted language.  Defendant refers the Court to that statute for a full and complete statement of its contents.

313.    Paragraph 313 purports to quote 5 U.S.C. § 551(13), which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that 5 U.S.C. § 551(13) includes the quoted language and refers the Court to that statute for a full and complete statement of its contents.

314.    Paragraph 314 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

315.    Paragraph 315 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

316.    Paragraph 316 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

317.    Paragraph 317 purports to quote 5 U.S.C. § 706(2), which speaks for itself.  To the extent a response is deemed necessary, Defendant admits that 5 U.S.C. § 706(2) includes the quoted language but otherwise denies the allegations of this paragraph; Defendant refers the Court to that statute for a full and complete statement of its contents.

318.    Paragraph 318 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

319.    Paragraph 319 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

320.    Paragraph 320 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

321.    Paragraph 321 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

322.    Paragraph 322 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

323.    Paragraph 323 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

324.    Paragraph 324 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

325.    Paragraph 325 consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

**THIRD CLAIM FOR RELIEF: Violation of the Administrative Procedure Act, 5 U.S.C. § 551, Substantive or De Facto Rule in Violation of APA (By All Plaintiffs)**

326.    Defendant restates and incorporates by reference its responses contained in the preceding paragraphs.

327.    Paragraph 327 consists of legal conclusions relating to Plaintiffs' claim regarding the Peace Corps' screening and clearance guidelines, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 8–10, and therefore no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

328.    Paragraph 328 consists of legal conclusions relating to Plaintiffs' claim regarding the Peace Corps' screening and clearance guidelines, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 8–10, and therefore no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

329.  Paragraph 329 consists of legal conclusions relating to Plaintiffs' claim regarding the Peace Corps' screening and clearance guidelines, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 8–10, and therefore no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

330.    Paragraph 330 consists of legal conclusions relating to Plaintiffs' claim regarding the Peace Corps' screening and clearance guidelines, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 8–10, and therefore no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

331.    Paragraph 331 consists of legal conclusions relating to Plaintiffs' claim regarding the Peace Corps' screening and clearance guidelines, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 8–10, and therefore, no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

332.    Paragraph 332 consists of legal conclusions relating to Plaintiffs' claim regarding the Peace Corps' screening and clearance guidelines, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 8–10, and therefore, no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

333.    Paragraph 333 consists of legal conclusions relating to Plaintiffs' claim regarding the Peace Corps' screening and clearance guidelines, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 8–10, and therefore, no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

334.    Paragraph 334 consists of legal conclusions relating to Plaintiffs' claim regarding the Peace Corps' screening and clearance guidelines, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 8–10, and therefore, no response to this paragraph is required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

335.    Paragraph 335 consists of legal conclusions relating to Plaintiffs' claim regarding the Peace Corps' screening and clearance guidelines, which was dismissed by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 8–10, and therefore, no response to this paragraph is

required here.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

### FOURTH CLAIM FOR RELIEF: Violation of the Administrative Procedure Act, 5 U.S.C. § 551, Agency Action Unlawfully Withheld or Unreasonably Delayed in Violation of APA (By All Plaintiffs Except Jane Doe E)

336.    Defendant restates and incorporates by reference the responses contained in the preceding paragraphs.

337.    Paragraph 337 consists of legal conclusions relating to Plaintiffs' claim of unreasonable or undue delay, which was dismissed as moot by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 4 n.2, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

338.    Paragraph 338 consists of legal conclusions relating to Plaintiffs' claim of unreasonable or undue delay, which was dismissed as moot by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 4 n.2, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph except to admit that the cited statutory provisions, 5 U.S.C. §§ 555(b) and 706(1), includes the quoted language and refers the Court to that statute for a full and complete statement of its contents.

339.    Paragraph 339 consists of legal conclusions relating to Plaintiffs' claim of unreasonable or undue delay, which was dismissed as moot by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 4 n.2, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

340.    Paragraph 340 consists of legal conclusions relating to Plaintiffs' claim of unreasonable or undue delay, which was dismissed as moot by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 4 n.2, and therefore, no response to this paragraph is required here.

To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph, accept to admit that the Peace Corps Office of Civil Rights and Diversity did not reject Plaintiffs' information or formal administrative complaints of discrimination on the basis of untimeliness.

341.    Paragraph 341 consists of legal conclusions relating to Plaintiffs' claim of unreasonable or undue delay, which was dismissed as moot by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 4 n.2, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

342.    Paragraph 342 consists of legal conclusions relating to Plaintiffs' claim of unreasonable or undue delay, which was dismissed as moot by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 4 n.2, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

343.    Paragraph 343 consists of legal conclusions relating to Plaintiffs' claim of unreasonable or undue delay, which was dismissed as moot by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 4 n.2, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

344.    Paragraph 344 consists of legal conclusions relating to Plaintiffs' claim of unreasonable or undue delay, which was dismissed as moot by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 4 n.2, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

345.    Paragraph 345 consists of legal conclusions relating to Plaintiffs' claim of unreasonable or undue delay, which was dismissed as moot by this Court on May 6, 2025, *see* Mem. Op., ECF No. 39, at 4 n.2, and therefore, no response to this paragraph is required here. To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

**Prayer for Relief**

The remaining paragraphs contain Plaintiffs' requests for relief, not allegations of fact, so no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in these paragraphs, and further states that Plaintiffs are not entitled to the requested relief or any other relief.

Defendant denies any and all allegations in the Amended Complaint not expressly admitted herein to which a response is deemed necessary.

**Defenses**

1.    Plaintiffs waived arguments that they did not present to the agency in the first instance.

2.    To the extent Plaintiffs claim that the court should exercise equitable authority to enjoin the government from committing statutory violations, *see* Mem. Op., ECF No. 39, at 8 n.3 (describing a statement made by Plaintiffs' counsel at oral argument on Defendant's motion to dismiss), they did not properly assert such a claim in their Amended Complaint, and the claim is barred by laches.

3.    The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the Amended Complaint.

4.    Plaintiffs John Doe A, John Doe B, John Doe C, Jane Doe A, Jane Doe B, Jane Doe C, and Jane Doe D failed to administratively exhaust their claims before filing the Amended Complaint.

5.    One or more claims or requests for relief in the Amended Complaint no longer presents a live controversy and is moot.

6.    One or more claims or requests for relief in the Amended Complaint fails to state a claim upon which relief can be granted.

7.     One or more claims or requests for relief in the Amended Complaint were dismissed by this Court on May 6, 2025.

Dated: June 13, 2025                              Respectfully submitted,

                                                  BRETT A. SHUMATE
                                                  Assistant Attorney General

                                                  ELIZABETH TULIS
                                                  Assistant Branch Director

                                                  _/s/ Lisa Zeidner Marcus_
                                                  LISA ZEIDNER MARCUS
                                                  (NY Bar No. 4461679)
                                                  Senior Counsel
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  1100 L Street, N.W.
                                                  Washington, D.C. 20005
                                                  Tel: (202) 598-1226
                                                  Fax: (202) 514-3336
                                                  Email: lisa.marcus@usdoj.gov

                                                  *Counsel for Defendant*