# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN DOE A, *et al*.,

        Plaintiffs,

v.

ALLISON GREENE,

        Defendant.

Case No. 23-cv-2859-CJN-MJS

## SETTLEMENT CONFERENCE ORDER

This matter has been referred to the undersigned for purposes of mediation. Following consultation with the parties, the Court hereby sets a settlement conference for **October 14, 2025** at **11:00 AM (ET)** to take place in Courtroom 7 of the E. Barrett Prettyman United States Courthouse located at 333 Constitution Avenue N.W., Washington, DC 20001, before Magistrate Judge Matthew J. Sharbaugh.

In advance of the settlement conference, the Court hereby **ORDERS** as follows:

1. An authorized representative of each party involved, together with counsel, must attend the conference; attendance by an attorney for a party is not itself sufficient. It is essential that each party present—or in the case of a corporate or governmental entity, an authorized representative—have *complete authority* to agree to a binding settlement. A person with *complete authority* is someone who has full settlement authority without having to consult with anyone who is not in attendance. When a settlement decision will be made in whole or in part by an insurer, the insurer shall send a representative in person with full and complete authority to make settlement decisions unless the party requests an exception and the Court grants it for good cause shown. A corporate party shall send a representative with full and complete authority to bind the company

unless the Court grants an exception for good cause shown. A governmental entity shall send a representative authorized to act on its behalf. Any party seeking any exception to these requirements must contact the Court at least seven (7) days before the scheduled mediation. Finally, any individuals who are not a party to the case will not be permitted to attend the mediation absent advance approval by the Court.

2.      No later than seven (7) calendar days prior to the settlement conference, by close of business (5:00 PM), each party shall separately provide the Court with an *ex parte* settlement conference statement to assist with the Court's preparation, submitted by email to Sharbaugh_Chambers@dcd.uscourts.gov (not filed on the docket). The statement shall not exceed ten (10) pages, double-spaced, and shall address the following topics:

   a.   The name, title, and contact information for each person who will be participating in the settlement conference on the party's behalf;

   b.   A candid assessment of the major legal and factual issues in the case, including the strengths and weaknesses of the claims and defenses at issue;

   c.   A summary of the potential monetary exposure associated with the case, including claims for attorneys' fees where applicable;

   d.   An estimate of the attorneys' fees and other litigation costs the party reasonably expects to incur through trial if the case is not settled;

   e.   A history of any prior settlement negotiations between the parties;

   f.   If discovery has not been completed, an indication as to whether the exchange of certain documents, records, or other information prior to the settlement conference would be likely to make the conference more productive;

   g.   Any important terms to be included in any settlement (*e.g.*, the scope of a release, potential carveouts from any release, significant non-monetary terms, etc.); and

   h.   Any issues that the party believes may pose a particular impediment to settlement.

3.      The parties are further apprised of the following:

   a.   Participants in the settlement conference should avoid scheduling other matters or appointments on the day of the conference, including into the evening.

   b.   The settlement conference process will be confidential. Disclosure of confidential dispute-resolution communications is prohibited. *See* 28 U.S.C. § 652(d).

c.    The American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

4.    If a party appears at the settlement conference without having complied with the requirements of this Order, the Court may continue or cancel the settlement conference, and may assess against the noncomplying party, attorney, or both, a monetary sanction which may include the fees and expenses incurred by the other parties in attending the settlement conference.

**SO ORDERED.**

Dated: August 15, 2025

_____
MATTHEW J. SHARBAUGH
United States Magistrate Judge